# German Security Bank v. McGarry.

*Action against an Indorser of a Negotiable Promissory Note.*

1. *Action on a note; notice of protest.*—Where, in an action against an indorser of a negotiable promissory note, issue is joined upon the plea that the defendant was not duly and legally notified of the non-payment of the note at maturity, which was the only issue before the jury, the burden is upon the plaintiff to prove that notice of the dishonor of the note and protest was duly given to the defendant; and where the only evidence tending to show notice of protest was that of the plaintiff, that the notice of protest was directed and mailed to the address of the defendant at a certain town, which place the plaintiff "understood" was the defendant's address, but there was no evidence whatever offered to show that the defendant's postoffice address was at such place, or that the plaintiff made any inquiries to ascertain his place of residence, there was not sufficient evidence to submit the question at issue to the jury, and the general affirmative charge was properly given for the defendant.

2. *Same; same.*—In such an action, where the note falls due on the 4th of July, and the only evidence of notice is the testimony of the plaintiff, that he mailed to the defendant a notice of protest "about" the 8th of July, such evidence is too indefinite and unsatisfactory to meet the burden resting upon the plaintiff to prove that he mailed to the defendant the notice within the time required by law.

[German Security Bank v. McGarry.]

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JOHN B. TALLY.

The facts of the case are sufficiently stated in the opinion.

EMMET O'NEAL and Jos. H. NATHAN, for appellant, cited 2 Dan'l on Neg. Instr., §§ 1043, 995, 995a, 1003; 2 Amer. & Eng. Encyc. of Law, pp. 414–415, note; *Philipe v. Haberlee*, 45 Ala. 607; 1 Brick. Dig., 267, § 230.

SIMPSON & JONES, *contra.*—The proof of the receipt of the notice by the plaintiff bank "on or about the 8th" does not show that the notice was mailed from Florence on the 6th.—Tiedeman on Com. Paper, § 337; 2 Danl. Neg. Instr., pp. 93, 94, 95, 96, 97, §§ 1048 *et seq.; Curry v. Bank of Mobile*, 8 Port. 360; *Knott v. Venable*, 42 Ala. 186; *John v. Bank*, 57 Ala. 96. And the burden of proving that due notice was given rests on the plaintiff.—2 Dan'l on Neg. Instr., p. 94, § 1050.

COLEMAN, J.—The appellant sued the defendant as an endorser of a negotiable promissory note, payable at the bank of W. P. Campbell & Co., Florence, Ala. Issue was joined upon the plea, that the defendant was not legally and duly notified of the non-payment of the note at maturity, and this was the only issue before the jury. The note bears date of the 2d day of April, 1890, and was payable ninety days after date. The certificate of the notary, showing demand, protest and notice was not introduced in evidence, nor was the notary public or other person who had knowledge of the demand at place of payment examined as a witness. The plaintiff is a corporation, with its place of business at Louisville, Ky. Its president testified that plaintiff received notice of the protest for non-payment *on or about* the 8th of July, and by the same mail received a notice for the defendant, and that on that day he directed the cashier of plaintiff to mail notice to the defendant at Florence, which place *he understood* to be the post-office or address of the defendant. The cashier testified that on the same day the notice of protest was received, he mailed the notice to defendant at Florence as directed by the president. There was evidence to show that plaintiff was the holder

[German Security Bank v. McGarry.]

and owner of the note, and that it had not been paid. This was substantially all the evidence; the defendant offered none. Upon the written request of the defendant, the court instructed the jury to find the issue for the defendant.

It will be seen from the foregoing statement of facts, that there was no evidence whatever offered to show that the defendant's post-office address was Florence, or that he resided in Florence, Alabama, or that any inquiry was made to ascertain his place of residence or post-office address. Upon the issue joined the burden was on the plaintiff to prove that notice of the dishonor of the note was duly given to the indorser. There was not sufficient evidence upon the issue of notice to submit the question to the jury, and the court did not err in giving the affirmative charge for the defendant.

There is no evidence that payment of the note was demanded at the place of payment, but this defense was not raised by the pleadings.

The note fell due for payment on Friday. This was the 4th of July. Payment on Saturday, the next day, would have been in time. The plaintiff then had until the next day to give notice. The "next day" in law, is the next business day. This rule gave the notary until Monday the 7th to give notice. The testimony of plaintiff is that he received notice of non-payment *about* the 8th of July. *About* is very indefinite and unsatisfactory. The law is very exacting as to the duty of the holder of paper in giving notice of protest to drawer and indorser. We cannot say even from this phase of the evidence, that notice was mailed to the endorser within the time required by law.—*John v. City Bank of Selma*, 57 Ala. 96; s. c., 62 Ala. 529; *Brennan v. Carl Vogt & Son*, 97 Ala. 647; Randolph on Com. Paper, §§ 1302, 1306, 1307.

Affirmed.