(75 South. 634)

EMPIRE CLOTHING CO. v. ROBERTS, JOHNSON & RAND SHOE CO.

(6 Div. 107.)

(Court of Appeals of Alabama. May 15, 1917. Rehearing Denied May 29, 1917.)

1. DISMISSAL AND NONSUIT ⬤➡68—NONRESIDENCE—WAIVER.

In assumpsit which had been pending for over two years with defendant's knowledge that plaintiff was a nonresident of the state, and had given no security for costs, overruling motion to dismiss on the ground of nonresidence and failure to give security for costs on the ground that it was too late was not error.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 163, 176.]

2. CORPORATIONS ⬤➡661(2)—FOREIGN CORPORATIONS—RIGHT TO SUE.

To deny a foreign corporation right to invoke the jurisdiction of the courts the suit must be founded on a transaction of business within the state by the corporation without compliance with the state law.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2544.]

3. APPEAL AND ERROR ⬤➡242(4)—SCOPE OF REVIEW—NECESSITY OF RULING.

In the absence of a ruling on a general objection to evidence or motion to exclude the evidence, assignments of error predicated on al-

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 15 Ala. App. 72.

leged erroneous overruling of the objection or admitting the evidence will not be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1421–1423.]

**4. APPEAL AND ERROR ⊜⇒502(6)—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.**

A ruling of the court on a motion for new trial which does not appear by the bill of exceptions presents nothing for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2306.]

**5. ACCOUNT, ACTION ON ⊜⇒11—AFFIDAVIT—SUFFICIENCY.**

In assumpsit, an affidavit verifying the account alleging that defendant is justly indebted to plaintiff in a sum certain which is due, taken by a notary public in the city of St. Louis and duly certified under his seal, is sufficient under Code 1907, § 3965, stating the requisites of such affidavits.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 32–36.]

Appeal from Circuit Court, Jefferson County; J. E. Blackwood, Judge.

Assumpsit by Roberts, Johnson & Rand Shoe Company against the Empire Clothing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas alluded to are as follows:

(2) Defendant says that plaintiff is a foreign corporation, and is not qualified to do business in the state of Alabama.

(3) Defendant says that plaintiff is a foreign corporation, and is doing business in the state of Alabama contrary to law, not having qualified to do business in said state, and that for this reason the contract or count sued on is void.

Claud D. Ritter, of Birmingham, for appellant. Carmichael & Wynn and W. K. Brown, all of Birmingham, for appellee.

BROWN, P. J. [1] This is an action on the common counts for goods, wares, and merchandise sold by the plaintiff to the defendant, and was commenced on the 9th day of September, 1913. On the 7th day of October the defendant filed pleas; the two special pleas averring that the plaintiff is a foreign corporation, and that it had not qualified to do business in Alabama. On the 26th day of January, 1916, the day of the trial, the defendant filed a motion to dismiss the plaintiff's suit on the ground that it was a nonresident of the state and had not given security for the costs. The motion was overruled by the court for the reason, as stated in the judgment, "because it comes too late." The opinion prevails that this ruling of the court was free from error, inasmuch as the case had been pending for more than two years with knowledge on the part of the defendant that the plaintiff was a nonresident of the state, as shown by the pleas on file. Brown v. Bamberger, Bloom & Co., 110 Ala. 342, 20 South. 114; First National Bank of Anniston v. Cheney, 120 Ala. 117, 23 South. 733.

[2] It is not enough that the plaintiff is a foreign corporation and is doing business in this state contrary to law. To deny such cor-poration the right to invoke the jurisdiction and authority of the courts of this state in its behalf, the suit must be founded on a transaction of business in this state by such corporation without a compliance with the laws of this state. Hurst v. Fitz Water Wheel Co. (Sup.) 72 South. 314;[1] Citizens' National Bank v. Buckheit, 14 Ala. App. 511, 71 South. 82. The special pleas were subject to the demurrer, and the ruling of the court thereon was correct.

[3] There was no ruling of the court on the defendant's general objection to the evidence, and no motion to exclude the evidence; hence the assignments of error predicated on the erroneous overruling of such objection or the improper admission of evidence are not sustained. Elyton Land Co. v. Morgan, 88 Ala. 434, 7 South. 249.

[4] The ruling of the court on the defendant's motion for new trial is not shown by the bill of exceptions, and presents nothing for review. Britton v. State, 15 Ala. App. 584, 74 South. 721.

[5] The affidavit verifying the account shows that the defendant is justly indebted to the plaintiff in a sum certain, "an itemized statement of which is hereto attached," and that such account is, within the knowledge of affiant, just and true, and that it is due, and that all just and lawful offsets, payments, and credits have been allowed." The affidavit was taken by a notary public of the city of St. Louis, in the state of Missouri, on the 7th day of July, 1913, and duly certified under his seal of office. The verification was sufficient, and shows that the account was due at the time the suit was commenced. Owensboro Wagon Co. v. Hall, 149 Ala. 210, 43 South. 71; Ala. Natl. Bank v. Chattanooga Door & Sash Co., 106 Ala. 633, 18 South. 74; Code 1907, § 3965.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.