Argued at Pendleton May 9, reversed September 25, rehearing
denied November 13, 1928.

## MERGENTHALER LINOTYPE CO. *v.* SPOKES-MAN PUBLISHING CO.

(270 Pac. 519.)

For appellant there was a brief and oral argument by *Mr. Ross Farnham.*

For respondent there was a brief over the name of *Messrs. Cunning & Brewster,* with an oral argument by *Mr. George H. Brewster.*

COSHOW, J The law is well settled that a foreign corporation must comply with the regulatory laws of a state in order to do intrastate business in that state: *Rashford Lumber Co.* v. *Dolan,* 122 Or. 572, and cases cited in 579 (260 Pac. 224); *Browning* v. *Waycross,* 233 U. S. 16 (58 L. Ed. 828, 34 Sup. Ct. Rep. 578); *General Railway Signal Co.* v. *Virginia,* 246 U. S. 500 (62 L. Ed. 854, 38 Sup. Ct. Rep. 360); *International Textbook Co.* v. *Pigg,* 217 U. S. 91, 105, 106 (54 L. Ed. 678, 30 Sup. Ct. Rep. 481, 18 Ann. Cas. 1103, 27 L. R. A. (N. S.) 493); *International Trust Co.* v. *A. Leschen & Sons Rope Co.,* 41 Colo. 290 (92 Pac. 727, 14 Ann. Cas. 861); *In re Kinyon,* 9 Idaho, 642 (75 Pac. 268, 2 Ann. Cas. 699); *Hirschfeld* v. *McCullagh,* 64 Or. 502 (127 Pac. 541, 130 Pac. 1131); *State* v. *Robertson,* 271 Mo. 475 (196 S. W. 1132).

"The commerce clause of the Constitution (article 1, § 8, cl. 3) expressly commits to Congress and impliedly withholds from the several states the power to regulate commerce among the latter. Such commerce is not confined to transportation from one state to another, but comprehends all commercial intercourse between different states and all the component parts of that intercourse." *Dahnke-Walker Milling Co.* v. *Bondurant,* 257 U. S. 282 (66 L. Ed. 239, 42 Sup. Ct. Rep. 106, 108); *Spaulding* v. *McNary,* 64 Or. 491 (130 Pac. 391, 1128); *York Mfg. Co.* v. *Colley,* 247 U. S. 21 (62 L. Ed. 963, 28 Sup. Ct. Rep. 430, 11 A. L. R. 611); *Chambers* v. *Baltimore & Ohio R. R.,* 207 U. S. 142 (52 L. Ed. 143, 28 Sup. Ct. Rep. 34); *Commercial Bank* v. *Sherman,* 28 Or. 573 (43 Pac. 658, 52 Am. St. Rep. 811).

There is a distinction between the construction placed upon the words "doing business" in the state

as it applies to the protection of the courts and the same words as applied to the right of a state to exact a fee and enforce other regulations upon foreign corporations: *Winslow Lbr. Co.* v. *Hines Lbr. Co.,* 125 Or. 63 (266 Pac. 248); 14a C. J. 1270, § 3976, notes 79, 80; 12 R. C. L. 69, § 47; *International Harv. Co.* v. *Commonwealth of Kentucky,* 234 U. S. 579 (58 L. Ed. 1479, 34 Sup. Ct. Rep. 944).

■ ■ We are convinced that the transaction which is the basis of this suit constitutes interstate commerce. The order was solicited by a traveling salesman and forwarded to the head office of plaintiff in New York. It was also submitted to plaintiff's San Francisco office for confirmation. The notes in payment were given in Redmond, Oregon, but are a part of and incident to the original sale. The states are not permitted to interfere with interstate commerce. Interstate commerce in order to be effective must be unhampered. We cannot conceive of anything that would more successfully interfere with interstate commerce than to deny an interstate seller access to the courts to enforce payment for goods sold. Taking notes is simply an incident to the collection of the purchase price. Many things may be done incidental to the effective consummation of interstate commerce without depriving the transaction of that nature: *York Mfg. Co.* v. *Colley,* above; *Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727, 728, 734 (28 L. Ed. 1137, 5 Sup. Ct. Rep. 739); *Crutcher* v. *Kentucky,* 141 U. S. 47, 56, 57 (35 L. Ed. 649, 11 Sup. Ct. Rep. 851).

■ It must be conceded that the evidence introduced by defendant is sufficient to establish that plaintiff is doing business within the state. The evidence was

uncontradicted. It was objectionable on several grounds, but no objection was made and it must be accepted for what it is worth: *Derrick* v. *Portland Eye, Ear, Nose & Throat Hospital,* 105 Or. 90, 100 (209 Pac. 344), and authorities there cited.

Defendant says in its brief:

"A transaction is either interstate or intrastate commerce, and the sale, delivery and erection of the new linotype machine constituted. interstate commerce, but the purchase and acceptance of delivery of the secondhand machine in Oregon and the sale of parts for the new machine in Oregon constituted intrastate commerce."

■ With this we cannot agree. When the sale of the linotype was completed defendant gave to plaintiff promissory notes to cover the entire purchase price. One of those notes was for the sum of $1,000 in payment of which plaintiff agreed to accept a linotype machine then in possession of defendant. Defendant could have canceled the $1,000 note by paying cash as it was required to do on all the other notes. The mere fact that plaintiff agreed as a part of the sale to accept in part payment the linotype machine did not change the transaction from interstate to intrastate commerce: *Puffer Mfg. Co.* v. *Kelly,* 198 Ala. 131 (72 South. 403, 405); *Empire Clothing Co.* v. *Roberts, Johnson & Rand Shoe Co.,* 16 Ala. App. 86 (75 South. 634, 635, point 2); *Major Creek Lum. Co.* v. *Johnson,* 99 Or. 172 (195 Pac. 177).

■ We are of the opinion that plaintiff is not deprived of the right of access to our courts because it transacted other business in the state without having paid the required license fee and otherwise qualifying to do intrastate business in this state. States

are not permitted, under all the authorities that have considered the question, to interfere with interstate commerce. Let it be conceded that the plaintiff at other times and under other occasions did business within the state or has engaged in intrastate commerce. Even so the transaction here involved is none the less interstate commerce. No transaction immediately connected with the sale of the linotype machine to defendant is intrastate. That consideration differentiates it from the case of *Vermont Farm Mach. Co.* v. *Hall,* 80 Or. 308 (156 Pac. 1073); *Deardorf* v. *Idaho Nat. Harvester Co.,* 90 Or. 425 (177 Pac. 33); *Ex parte Case,* 70 Or. 291 (135 Pac. 881, 141 Pac. 746, Ann. Cas. 1916B, 490); *York Mfg. Co.* v. *Colley,* 247 U. S. 21 (62 L. Ed. 963, 38 Sup. Ct. Rep. 430, 11 A. L. R. 611); *Hirschfeld* v. *McCullagh,* above. In the case last cited it will be noted that the very transaction involved was held to be intrastate. The entire contract was made in Oregon. In the instant case the defendant concedes that the main transaction was interstate. Foreign corporations are entitled to the aid of our courts and are amenable to the process of our courts if and when they engage in business in our state, even though all their transactions are interstate: *International Harv. Co.* v. *Commonwealth of Kentucky,* 234 U. S. 579, 589 (58 L. Ed. 1479, 34 Sup. Ct. Rep. 944), where we find this language:

"We are satisfied that the presence of a corporation within a State necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the State, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the State."

*Winslow Lumber Co.* v. *Hines Lumber Co.,* 125 Or. 63 (266 Pac. 248); *Harris* v. *American Ry. Exp. Co.,* 56 App. D. C. 264, 12 Fed. (2d) 487. But in order to be subject to our laws requiring a certificate to be filed, and fees to be paid, such corporations must engage in interstate business: *Rashford Lumber Co.* v. *Doan,* and other authorities cited above. A foreign corporation cannot be refused the benefit of our courts in the collection of debts arising from purely interstate transactions without an unlawful interference with interstate commerce. The state has provided other remedies for violation of its laws regulating foreign corporations: Or. L., §§ 6912–6915. If a foreign corporation should incur the penalty prescribed in Or. L., Section 6915, we believe it could not for that reason be prevented from engaging in interstate commerce within our state, nor denied the aid of our courts to collect debts owing it and contracted in such commerce.

■ ■ In order for plaintiff to be liable to the penalty prescribed in Section 6885, Or. L., it must have done some substantial part of its business in the transaction involved in this litigation. Where the local business transacted is incidental to the principal transaction the corporation is not "doing business" in the meaning of "that term" as used in Or. L., Section 6884: 14a C. J. 1287, 1288, note 11. Defendant insists that the interstate clause of the federal Constitution does not control the instant case, but all the authorities examined by us apply that clause. The case at bar does not come within the section of our federal Constitution granting to citizens of other states the same immunities, privileges and rights granted to our citizens. Corporations are not citizens as there used: 14a C. J. 1251, § 3950 (2).

We think the Circuit Court erred in sustaining the plea in abatement. The judgment dismissing plaintiff's complaint is reversed and a decree will be entered here foreclosing the chattel mortgage and awarding to plaintiff judgment in accordance with the prayer of its complaint.

REVERSED. REHEARING DENIED.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.