155 So. 567

## O'NEAL et al. v. MASON.

4 Div. 750.

Supreme Court of Alabama.

May 24, 1934.

Rehearing Denied June 28, 1934.

Powell, Albritton & Albritton, of Andalusia, for appellants.

J. L. Murphy and E. O. Baldwin, both of Andalusia, for appellee.

PER CURIAM.

This case, in large part, is controlled by that of Dudley L. O'Neal, Adm'r, et al. v. Franklin A. Clark, 228 Ala. 21, 155 So. 562.

The excuse alleged in count 5 for failure to give due notice of dishonor of the negotiable instrument (certificate of deposit) here involved, was insufficient under this authority, and the demurrer thereto should have been sustained. And the proof of notice of dishonor, alleged in count 1 to have been duly given, was insufficient in support thereof.

The date of maturity was April 1, 1933. The letter to each of the defendants bearing date April 4, 1933, is the only proof offered as to notice of dishonor. Whether these two letters were mailed or delivered by hand is not made to appear, and for aught appearing all parties resided at the same place.

Under count 1, the burden of proof was upon plaintiffs to show notice of dishonor duly given to the indorsers. German Security Bank v. McGarry, 106 Ala. 633, 17 So. 704.

Under the authorities (German Security Bank v. McGarry, supra; John v. City National Bank, 57 Ala. 96; Brown v. Turner, 11 Ala. 752; Nolan v. Brown, 152 La. 333, 93 So. 113; Bredow v. Woll, 108 Conn. 489, 143 A. 849, 62 A. L. R. 293; Daniel on Negotiable Instruments [6th Ed.] §§ 1035–1043), as well

144

as by virtue. of express statutory provisions (sections 9125–9127 Code 1923) notice of dishonor should have been given the day following the maturity of the instrument. This was not done, but reliance is had upon the letter dated April 4, 1933, and nothing more.

Due notice of dishonor is made a condition of liability of an indorser, and as said in' O'Neal v. Clark, supra, "a law-made condition, written into the contract." And the statute (section 9114, Code 1923) expressly stipulates that an indorser to whom such notice is not given is discharged; and in section 9125 is the provision that, "unless delay is. excused as hereinafter provided," notice of dishonor "must be given within the times fixed by this chapter." That date, under the proof here presented, was the day following the maturity of the certificate, which would have been April 2d. The notice was therefore insufficient in that it was not given within the time prescribed by law.

Counsel for appellee do not appear to argue to the contrary, but rely, for answer thereto; upon the theory that defendants' relationship with the bank and their knowledge of its financial condition excused notice of the dishonor and the further contention that in fact defendants were accommodated, as distinguished from accommodation, indorsers.

But these questions were answered in O'Neal v. Clark, supra, adversely to appellee, and need no further consideration.

It results, therefore, that defendants were due the affirmative charge duly requested as to count 1.

For the errors indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.