THE BANK OF BRITISH COLUMBIA, APPELLANT, v. W. W. PAGE AND ALBINA PAGE, DEFENDANTS, AND W. E. ELLIS AND MARY E. ELLIS, DEFENDANTS AND RESPONDENTS.

FOREIGN CORPORATIONS—STATUTORY PROHIBITION AGAINST.—Section 8 of the act of the legislative assembly of Oregon, entitled "An act to regulate and tax foreign insurance, banking, express and exchange corporations or associations doing business in the state," approved October 21, 1864, is an indirect prohibition against such corporations transacting business in the state until they shall have executed and recorded the power of attorney required by that section.

IDEM.—CONTRACTS BY, WHEN VOID.—A contract made by such corporation in this state before it shall have complied with the provisions of said section 8 is as to third parties void, and cannot be enforced by the corporation against such parties.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

*W. H. Effinger*, for appellant.

There was no appearance on behalf of respondents.

By the Court, WATSON, J.:

The following facts appear in the transcript, and are necessary to a correct understanding of this opinion: The plaintiff is a foreign corporation, incorporated under the laws of (Great's) the Kingdom of Great Britain.

On the first day of November, 1871, defendant, W. W. Page, being indebted to the appellant in the sum of two thousand, five hundred dollars, on a promissory note in writing given by him to appellant, August 3, 1871, he and defendant, Albina Page, who is his wife, in order to secure the payment of the principal and interest of said note, made and delivered to appellant their mortgage of and upon certain real prop-

erty in the city of Portland. Thereafter on the sixth day of November, 1871, the said W. W. Page and his wife made their mortgage of and upon the same property described in the mortgage given to appellant, to the defendant, Mary E. Ellis and to Lucy J. Bennett, to secure the payment to them the sum of two thousand dollars, which W. W. Page then owed them upon his promissory note previously given to them. Before the commencement of this suit, Lucy J. Bennett assigned her interest in said note and mortgage to defendant, Mary E. Ellis.

At the time of the execution of the note and mortgage given by defendants W. W. Page and wife to appellant, appellant had not executed or filed any power of attorney, as required by section 8 of the act of the legislative assembly of the state of Oregon, entitled "An act to regulate and tax foreign insurance, banking, express and exchange corporations or associations doing business in the state," approved October 21, 1864.

This suit was brought by appellant to foreclose its mortgage, and defendants W. E. Ellis and Mary E. Ellis were made defendants therein as subsequent lien-holders. Defendants W. W. Page and wife made default, and stipulated the facts upon which a decree was entered against them. The court below held that the mortgage of appellant was void as to that in favor of defendant Mary E. Ellis, and decreed that her mortgage should be first satisfied out of the proceeds of the sale of the mortgaged premises. The Bank of British Columbia appeals from so much of the decree of the court below as provides for the prior satisfaction of the mortgage in favor of defendant Mary E. Ellis.

Defendants W. W. Page and wife not being before this court either as appellants or respondents, it is not necessary for us in this opinion to decide the question whether or not they, having dealt with the corporation, are estopped to deny its capacity to contract in this state. A mortgage in this state is a mere security for the debt; and we do not think that defendant Ellis, by taking a mortgage of the premises, so succeeded to the estate of Page therein as that she became bound by his estoppels.

As the decree of the court below provides for the prior satisfaction from the proceeds of the sale of the mortgaged premises of the subsequent mortgage in favor of defendant Ellis, it becomes necessary for us to pass upon the validity of the note and mortgage given to appellant. Of course, if valid, they, constituting a prior lien and being properly recorded, should be first satisfied, and the decree of the court below should be reversed.

The grounds upon which the court below held appellant's mortgage void as to the mortgage in favor of Ellis are that the appellant, being a foreign corporation, and at the time of the execution of the note and mortgage not having executed or filed a power of attorney, as required by our statutes, before doing business in this state, its contracts as to third persons were void, and that as against defendant Ellis its note and mortgage could not be enforced. Whether the court below was correct in this theory of the law depends upon whether section 8 of the act entitled "An act to regulate and tax foreign insurance, banking, express and exchange corporations or associations doing business in this state," approved October 21, 1864, was intended by the legislature as a prohibition against such corporation doing business in this state before it shall have complied with the provisions of that section. The intention of the legislature must be ascertained by the established rules of construction of statutes. The *status* of a corporation doing business in a state other than that in which it was incorporated was clearly defined by the supreme court of the United States in the case of *The Bank of Augusta* v. *Earle*, 13 Pet. 538: "It exists only in contemplation of law and by force of the law, and when that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and cannot emigrate to another sovereignty." Yet, a corporation of one nation may transact business in another by its permission. Such permission may be granted by express enactments, or if not injurious to the interests of the state or contrary to the policy of its laws, it may be implied from its silence. Any state may exclude foreign corporations

altogether, or it may qualify its consent that they may transact business within its limits by imposing such terms and conditions as its legislature may deem proper. (*La Fayette M. Co.* v. *French,* 18 How. 407; *Ducot* v. *The City of Chicago,* 10 Wall. 400.)

A contract entered into in violation of some statutory provision is not always void. In *Pangburn* v. *Westlake,* 36 Iowa, 546, Cole, J., in announcing the opinion of the court, says: "While as a general rule a penalty implies a prohibition, yet the courts will always look to the language of the statute, the subject-matter of it, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment, and if from all these it is manifest that it was not intended to imply a prohibition, or to render the prohibited act void, the courts will so hold, and construe the act accordingly." To the same effect is the opinion in the case of *Lester* v. *Howard Bank,* 33 Md. 558. We apply these rules of construction to our statute. Section 8 already referred to in this opinion provides that "A foreign corporation before transacting business in this state must duly execute and acknowledge a power of attorney," etc.

Were the word "before" omitted, it might, with better reason, be claimed that the section is merely directory. It would then read, "A foreign corporation doing business in this state must duly execute," etc. But we think that the section, by going further and using the language "before doing business," etc., amounts to the same thing as if it read, a foreign corporation "shall not transact business in this state before it shall have duly executed," etc. The section is, in our opinion, an indirect prohibition against a foreign corporation doing business in this state before it shall have complied with its provisions. In support of this construction, we may add that it is the only construction that can give any effect to the statute.

No penalty is provided for the violation of its provisions. If this construction is not the true one, a foreign corporation in willful disregard of the law may transact business in this state, binding our citizens whenever it chooses to sue

them in our courts, and leaving them without jurisdiction over it unless it chooses to appear and submit itself to their jurisdiction.

The statute is not of the same nature as laws providing for the formation of domestic corporations. It could not have been intended to give foreign corporations permission to transact business here, because they already had that permission implied from the comity of nations and the silence of our laws.

Without it they could transact business, hold property, and sue in our courts, in every respect, upon an equal footing with domestic corporations. It is evident that the legislature had another object in view. At the time of its enactment, corporations in the other states of the union were rapidly increasing in number and wealth. The facilities for their formation were greatly increased. All of these things had added opportunities for fraud in their management. It was perceived that in the absence of legislation, while foreign corporations had the unrestrained right to transact business with our citizens and to sue them in our courts, they frequently had no property in the state, and could not be sued therein without their consent. To compel our citizens to go to the distant states of their incorporation to sue them amounted to a practical denial of any remedy against them. To remedy this evil, the statute was enacted. As to all corporations mentioned in the title of the act, their right to transact business in the state was restricted by the condition that, until they should make and cause to be recorded such a power of attorney, as that our courts could obtain jurisdiction over them without further consent, they should not do business here. As to some it was further provided that they should make such a deposit in the state, as that judgments of our courts against them might be satisfied out of the same in the state. We regard all of these provisions of the statute as wise and necessary; and we think they should be so construed as to give them full force and effect. It was suggested in the argument of this case that a contract, made in violation of some of the provisions of the statute is not necessarily void. Some

authorities were cited which give countenance to this view of the law. We think that in some cases it may be true. The general rule is that a contract in violation of law is void. The only exception to the rule is that when a law imposes a penalty for the prohibited act, and it clearly appears that the legislature intended no more than to impose the penalty for the violation of the law, a contract made in violation of such a statute is not void. (*Lester* v. *Howard Bank*, 33 Md. 558; *Watrous* v. *Blain*, 32 Iowa, 58; *Mowing and Reaping Company* v. *Caldwell*, Supreme Court of Indiana, Am. Law Reg., vol. 16, No. 9, p. 554.)

We do not think this statute belongs to the excepted class. The legislature has prohibited the contract. It has provided no penalty for its violation. Unless the contract shall be held void, the statute is of no effect. We do not think such was the intent of the legislature. We may add that the entire question involved in this appeal was presented *In re Comstock*, decided in the United States district court for this district, and reported in 3 Sawyer, 218. The learned judge of that court, whose familiarity with our statutes entitles his opinion to peculiar weight, has in that case examined the question with his usual learning and research, and as far as it is necessary for us to go in this opinion we have adopted his views of the law therein expressed.

It follows that the decree of the court below must be affirmed.