Argued December 19, 1895; decided February 10, 1896.

COMMERCIAL  BANK  v.  SHERMAN.

[43 Pac. 658.]

</div>

| 28 | 573 |
| 40 | 290 |

FOREIGN BANKING CORPORATIONS—"TRANSACTING BUSINESS"— CODE, § 3276.
  —A foreign banking corporation purchasing a note in the state, but
  having no purpose to do any other act in the state, is not "transact-
  ing business" in the state within Hill's Code, § 3276, providing that a
  foreign banking corporation, "before transacting business" in the
  state, must record a power of attorney in each county where it has
  "a resident agent," which, so long as the company has "places of
  business" in the state, shall be irrevocable: *Bank of British Columbia*
  v. *Page*, 6 Or. 431; *Hachney* v. *Leary*, 12 Or. 40, and *Semple* v. *Bank
  of British Columbia*, 5 Sawy. 88, distinguished.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

NOTE.—For an extensive collection of authorities on what constitutes "deal-
ing" or "carrying on business," in a state, with reference to prohibitory statutes,
see notes to the following cases: *State of North Carolina* v. *Ray*, 14 L. R. A. 529;

This is an action by the Commercial Bank of Vancouver, Washington, against D. F. Sherman, as indorser of a promissory note. The facts are that on June twenty-seventh, eighteen hundred and ninety-one, at Portland, Oregon, J. L. Lewis and others made, executed, and delivered to the defendant their negotiable promissory note for nine thousand two hundred and four dollars, and that in August, eighteen hundred and ninety-one, the plaintiff, a banking corporation organized under the laws of the State of Washington, and doing business therein, through its authorized agent purchased the note of the defendant at Portland, and it was at the latter place sold, indorsed, and delivered by defendant to plaintiff, and not being fully paid at maturity this action was commenced to recover the unpaid balance. The defense is that, the note having been sold and transferred to the plaintiff within this state, no action can be maintained against the indorser because the plaintiff corporation had not, at the time of making the contract and purchase of the note, complied with section 3276 of Hill's Code, which provides that a foreign banking corporation "before transacting business in this state, must duly execute and acknowledge a power of attorney, and cause the same to be recorded in the county clerk's office of each county where it has a resident agent, which

*Cone Export and Commission Company* v. *Poole*, 24 L. R. A. 295; *Milan Milling and Manufacturing Company* v. *Gorton*, 26 L. R. A. 135, and *Florsheim Brothers Drygoods Company* v. *Lester*, 27 L. R. A. 505, 46 Am. St. Rep. 162. See also *Colorado Iron Works* v. *Sierra Grande Mining Company*, 22 Am. St. Rep. 433.

The question of the validity of contracts made by foreign corporations where they have not complied with the statutory conditions of the right to do business in a state is carefully reviewed in the notes to the following cases: *Edison General Electric Company* v. *Canadian Pacific Navigation Company*, 40 Am. St. Rep. 916, 24 L. R. A. 315; *Dudley* v. *Collier*, 13 Am. St. Rep. 60; *Toledo Tie Company* v. *Thomas*, 25 Am. St. Rep. 931.

With the Colorado case of *Kindel* v. *Beck and Pauli Lithographing Company*, 24 L. R. A. 311, is an interesting discussion of the exclusion of foreign corporations as an interference with interstate commerce.— REPORTER.

power of attorney, so long as such company shall have places of business in the state, shall be irrevocable, except by the substitution of another qualified person for the one mentioned therein as attorney for such company." The plea in abatement having been overruled and judgment entered against the defendant, he appeals.                                AFFIRMED.

For appellant there was a brief by *Messrs. Paxton and Beach, Charles H. Carey,* and *J. W. Paddock,* with an oral argument by *Mr. Carey.*

For respondent there was a brief by *Messrs. W. Byron Daniels,* and *Williams, Wood and Linthicum,* with an oral argument by *Mr. George H. Williams.*

Opinion by MR. CHIEF JUSTICE BEAN.

It must be conceded that the contracts of any of the foreign corporations named in the title of the act of eighteen hundred and sixty-four, of which the section referred to is a part, carrying on business here without first having executed and caused to be recorded a power of attorney as required by the statute are void, and no action can be maintained thereon by the corporation: *Bank of British Columbia* v. *Page,* 6 Or. 431; *Hacheny* v. *Leary,* 12 Or. 40 (7 Pac. 329); *In re Comstock,* 3 Sawy. 218 (Fed. Cas. No. 3078); *Semple* v. *Bank of British Columbia,* 5 Sawy. 88 (Fed. Cas. No. 12659). But the record shows that at the time the plaintiff made the contract upon which this action is based it was not carrying on, or proposing to carry on, its corporate business in this state, and, so far as appears, the purchase of the note in question was the only business ever done or contemplated by it here. The single inquiry presented by this record, there-

fore, is whether a foreign banking corporation pur-
chasing a promissory note in this state, and with no
purpose of doing any other act here, is "transacting
business" in the state, within the meaning of the stat-
ute. It seems to us this question must be answered
in the negative. In our opinion the statute, when
reasonably construed, was intended to prohibit certain
foreign corporations coming into this state for the
purpose of transacting their ordinary corporate busi-
ness without first appointing some resident agent
upon whom service of summons could be had in case
of litigation between them and citizens of the state,
and was not designed or intended to prohibit the do-
ing of one single isolated act of business by such a cor-
poration, with no intention apparent to do any other
act or engage in business here. It will be noticed the
statute does not require the power of attorney to be
recorded before "doing any business," but "before
transacting business," and that it shall be filed in
every county where the corporation has "a resident
agent," and shall be irrevocable except by the substi-
tution of another qualified person for the one named
therein so long as the corporation shall have "places
of business" in the state. These provisions would
seem necessarily to indicate that the statute was in-
tended to apply to a corporation whose actual or con-
templated business in the state is such as to admit
of its having resident agents or places of business
therein. And to have a resident agent or place of
business it must be carrying on, or intending to carry
on, its ordinary corporate business, for a corporation
doing but a single act of business with no intention
of doing more could not, in the nature of things, be
expected to have a resident agent or place of busi-
ness. To require a foreign banking corporation to

execute and file the power of attorney required by the statute as a prerequisite to its right to purchase a promissory note or take a mortgage to secure a debt, or to do any other single act of business, when there was no purpose or intention to engage in banking here, would be a very narrow, harsh, and, we think, an unwarranted construction of the statute. The following authorities, although under statutes differing in detail from ours, tend to support this conclusion: Murfree on Foreign Corporations, § 65, *et seq.; Cooper Manufacturing Company* v. *Ferguson,* 113 U. S. 727 (5 Sup. Ct. 739); *Florsheim Brothers Drygoods Company* v. *Lester,* 60 Ark. 120 (46 Am. St. Rep. 162, 27 L. R. A. 505, 29 S. W. 34); *Potter* v. *Bank of Ithaca,* 5 Hill, 490; *Gilchrist* v. *Helena Railway Company,* 47 Fed. 593. There is nothing in the former decisions of this court or of the federal court construing our statute which, in our opinion, conflicts with these views. In *Semple* v. *Bank of British Columbia, In re Comstock,* and *Bank of British Columbia* v. *Page,* the bank was regularly engaged in the transaction of its corporate business in the state. The case of *Hacheny* v. *Leary,* involved the construction of a statute of the then territory of Washington as applied to a contract made in the territory. That statute differed in many respects from the one now before us, and, besides, the case discloses that the corporation had an agent in Washington actually engaged in the business of soliciting and receiving applications for insurance. For these reasons the case is distinguishable from the one under consideration. It follows that the judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.