LADD METALS CO. v. AMERICAN MINING CO., Limited.

(Circuit Court, D. Oregon. April 22, 1907.)

No. 3,064.

1. CORPORATIONS—FOREIGN CORPORATIONS—SERVICE OF PROCESS ON.

That a corporation may be servable with process in a state other than that in which it is incorporated, it must have engaged in business to the extent that it may be said in a legal sense to be doing business therein, and the agent served therein must be its authorized representative for the transaction of such business or such as will be deemed generally to represent the company in its corporate capacity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2611.

Service of process on foreign corporations, see note to 45 C. C. A. 3; 78 C. C. A. 473.]

2. SAME—DOING BUSINESS IN ANOTHER STATE.

The transaction of a single act of business in a state by a foreign corporation does not constitute the doing or carrying on of business therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2520.]

3. SAME—PRESENCE OF OFFICER IN STATE.

That the secretary of a corporation went into another state for the purpose of attending to the taking of depositions in a suit to which the corporation was a party does not constitute the doing of business by the corporation in such state, nor render it amenable to suit in a federal court therein by service upon such secretary while there.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2613.]

4. SAME—OBJECTION TO JURISDICTION—WAIVER.

A motion to quash the service of process construed, and held to be based on the ground that the defendant, a foreign corporation, was not doing business in the state of the suit, and was not subject to service therein, and therefore not to be a waiver of such objection.

## On Motion to Quash Service.

The complaint herein exhibits an action based upon a contract, entered into in the state of Idaho, between W. C. Jones of the one part, and the defendant company of the other, whereby the latter sold and agreed to deliver to the former certain copper ore then at the Seven Devils Mines in the state of Idaho. Among other things, an advance payment of $3,000 was agreed upon. Jones subsequently assigned the contract to the plaintiff corporation, and the present action is for a breach thereof. Plaintiff is an Oregon, and defendant a Montana corporation. Action was instituted in this district, and service of summons, as shown by the return of the marshal, was had within the district "by delivering to R. H. Kleinschmidt, who is the secretary and treasurer of said company, personally, a true copy of said summons," etc. In due time a motion was interposed, as follows: "Comes now the defendant above named by John H. Hall, its attorney, appearing specially and for the purposes of this motion only, and without submitting itself to the jurisdiction of this court, and for no other purpose, moves the court that the alleged service of summons upon this defendant in the above-entitled action be quashed, annulled, set aside, and held for naught, for the reason that this defendant is organized under and by virtue of the laws of the state of Montana. That it has no property within the state of Oregon of any description. That it never has and does not now transact any corporate or other business within the state of Oregon, and does not maintain any agent, officer, or other person in this state upon whom service of summons can be made. That said alleged service in this action was attempted to be made by serving a copy of the original thereof upon R. H.

Kleinschmidt, the secretary and treasurer of this defendant, while he was temporarily within the city of Portland." From affidavits filed in support of and against the motion, it appears that Jones entered into the contract in question with the defendant corporation with a view to assigning the same to the plaintiff; but it was understood between the parties thereto that, if arrangements could not be made with the plaintiff to take the assignment, then Jones might assign to any other person or corporation satisfactory to the defendant company; it being further understood that Jones was not to be held personally to a performance of the contract or fulfillment of its conditions. Subsequently Jones came to Portland at the request, as he avers, of Kleinschmidt, who was the secretary and treasurer of the defendant company, and there negotiated for an assignment of the contract to plaintiff, which assignment was then and there made. In anticipation of such assignment, Kleinschmidt drew upon Jones for the $3,000 advance payment to be made, and when the assignment was closed the plaintiff honored and paid the draft.

It further appears that an action is pending between these parties in Idaho; that certain depositions were required to be taken in Portland; that Kleinschmidt came to Portland to represent and protect the interests of the defendant while such depositions were being taken; that while here he presented two claims against the plaintiff to the president of that company for settlement and collection; and that it was during his stay that he was served with summons in manner as previously indicated.

Snow & McCamant, for plaintiff.
John H. Hall and G. A. Brown, for defendant.

WOLVERTON, District Judge. The action is by an Oregon corporation against a Montana corporation, and, there being no other ground upon which to base federal jurisdiction than diversity of citizenship, it was properly instituted in the district of the residence of the plaintiff; the statute in such cases granting the authority to sue in the district of the residence of either party. Act Cong. March 3, 1875, c. 137, § 1, 18 Stat. 470, amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552. and corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]; 4 Fed. Stat. Ann. p. 265; In re Keasbey & Mattison Co., 160 U. S. 221, 228, 229, 16 Sup. Ct. 273, 40 L. Ed. 402.

Two questions are therefore presented for determination, namely: First, whether proper service has been had upon the defendant; and, second, whether defendant has, by the form of motion adopted to quash, waived its right to object to the insufficiency of such service. Of these in their order.

A corporation is regarded as a citizen and resident only of a state in which it is incorporated, and has its principal place of business. Shaw v. Quincy Mining Co., 145 U. S. 444, 452, 453, 12 Sup. Ct. 935. 36 L. Ed. 768. By a comity existing between the states, however, corporations in one state are allowed and permitted to do business in states other than those of their citizenship and residence. Usually there exist statutory provisions prescribing the conditions upon which corporations foreign to the state may come into it, and carry on and transact business therein. But it frequently occurs that corporations intrude themselves upon the territory of other states, and transact business therein, regardless of the local rules and regulations, and in evasion of the laws intended for their observance. It is but compensatory justice that, wherever and whenever a corporation of for-

152 F.—64

eign persuasion enters into another state, and therein engages in and carries on its business, whether as its principal pursuit or auxiliary thereto, and depends upon, looks to, and expects the protection of the local government in maintaining its contractual and legal relations, it should at the same time be subjected to the local tribunals of judicatory for the determination and enforcement of all reciprocal relations, whether arising out of the same or other transactions. License and protection in governmental affairs means subjection and obedience on the part of those reaping the benefits, whether they be individuals or corporations. That a corporation may be servable in a state other than that in which it' is organized and incorporated, it must have engaged in business to the extent that it may be said in legal parlance to be doing business therein, and the agent served therein must be its authorized representative for the transaction of such business, or such as will be deemed generally to represent the company in its corporate capacity. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. Says the court, in Fitzgerald Construction Co. v. Fitzgerald, 137 U. S. 98, 106, 11 Sup. Ct. 36, 39, 34 L. Ed. 608:

"Where a foreign corporation is not doing business in a state, and the president or any officer is not there transacting business for the corporation and representing it in the state, it cannot be said that the corporation is within the state, so that service can be made upon it."

The palpable meaning of the court being, as will find further support by other authorities to which I shall allude, that the doing business within the state must be coupled with the further fact that there is an officer of the corporation therein also transacting such business for and representing such corporation. The two things must combine to render it legally possible to make service of summons in that state upon the corporation. It is always a matter for the federal courts to determine, says Thayer, Circuit Judge, in St. Louis Wire-Mill Co. v. Consolidated Barb-Wire Co. (C. C.) 32 Fed. 802, 804, "whether such corporation has transacted business to such an extent within the district, and has such a representative or agent therein, that jurisdiction to render a personal judgment against the corporation may be acquired by service on that agent."

A single transaction of business within the state is not tantamount to doing or carrying on business therein. I quote from the headnote in Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137:

"A corporation organized under the laws of one state does not, by doing a single act of business in another state, with no purpose of doing any other acts there, come within the provisions of a statute of the latter forbidding foreign corporations to carry on business within it, except upon filing certificates showing their place or places of business, their agents, and other matters required by the statute."

To the same purpose is Commercial Bank v. Sherman, 28 Or. 573, 43 Pac. 658, 52 Am. St. Rep. 811. In the case of Good Hope Co. v. Railway Barb Fencing Co. (C. C.) 22 Fed. 635, it appears that the

president of the defendant company came into the state where sued to adjust a controversy between the defendant and the plaintiff growing out of a purchase made by the former company. In determining the cause, the court says:

"In this case, the president of the defendant was here in his representative character, but the corporation had never been practically engaged in business here. It had made purchases here occasionally, but it could have made them by correspondence as well as by the presence of its agents here. If the purchases had been made by correspondence it could be as logically urged that the corporation was engaged in business here as it can be now. Instead of writing, its agent came here in person. As it has never kept an office here, or carried on any part of its business operations here, or been engaged in any business here, which required it to invoke the comity of the laws of the state, it was not 'found' here for the purpose of being sued."

See St. Louis Wire-Mill Co. v. Consolidated Barb-Wire Co., supra. I may say in this connection that, for the purpose of determining whether a defendant corporation is properly servable in the state where the action is begun, the law is the same now, in effect, as it was before the amendment; that is, as prescribed by section 739 of the Revised Statutes [U. S. Comp. St. 1901, p. 587]. The language of Swan, District Judge, in United States Graphite Co. v. Pacific Graphite Co. (C. C.) 68 Fed. 442, 444, is expressive of the same doctrine. This case, and the one I shall subsequently cite, were decided after the amendment of section 739. The court says:

"James O. Roundtree, the president of the defendant company in this cause, was not a resident agent of the corporation, for it had none such in Michigan; and, if it be conceded that, while temporarily here, at the time of the service made upon him, he was engaged in negotiations concerning the business of the company, this is not sufficient to subject the defendant to the jurisdiction of any court in this state by reason of service made upon him."

But, as covering the entire ground, Buffalo Glass Co. v. Manufacturers' Glass Co. (C. C.) 142 Fed. 273, is pertinent and conclusive. Hazel, District Judge, says:

"The single question is whether the said defendant is engaged in business in this state, and whether it is found here within the meaning of the statute for the service of process. Affidavits were presented, showing that the defendant's principal place of business is in Cleveland, Ohio; that it is engaged in the manufacture of glass; and that within the past year the defendant has sold in this state large quantities of glass, and has also entered into contracts for the sale of glass to various firms and corporations engaged in business in this state. In short, the defendant has solicited trade in New York by correspondence and by an agent, and sells its commodity to customers located here. This, however, the contracts of sale not being made in this state, is not, within the meaning of the federal judiciary acts, doing business in the state to authorize the service of process on an agent or officer of a foreign corporation temporarily in the state. To authorize such service of process, the foreign corporation must actually and substantially be engaged in business in this state or district, its business must have been transacted by some agent or manager representing such corporation, and it must also appear that the local statute provides for suit against such foreign corporation which has been permitted to transact business within the state."

These cases cover quite fully the conditions presented by the present controversy. It is clear that the defendant company was not carrying on business within the state of Oregon. The contract upon which the

action is based was entered into and executed in the state of Idaho, between parties neither of whom was a resident or citizen of this state, so far as the record shows. Subsequently Jones, who was purchasing the ore, came to Portland, and there negotiated the assignment of the contract to the plaintiff. True, the secretary of the defendant company requested that Jones make the assignment, and was cognizant, no doubt, of the fact that the transaction was about to take place, and, in order to aid him in closing it up, he sent to Portland a draft upon Jones for the amount of the consideration for the sale of ore to be advanced, and the plaintiff, on taking over the assignment, honored the draft and paid the consideration. But that transaction cannot be considered as doing business in this state. The transaction was single, and the defendant had no such officer or agent representing it here as could be said to be carrying on the business of the company in this state, and undoubtedly no service made upon Jones could avail to bring the defendant into court.

The next feature upon which it is sought to maintain that the defendant was servable here with summons is that the secretary of the company came to Portland on business connected with the company. That business was to attend the taking of certain depositions, in a cause pending between the same parties to this suit, and to subserve the interests of the defendant company at such examination. But this cannot be considered as doing business here, any more than if the defendant had waived the matter of jurisdiction, and come into this court to make a defense to the present suit. This also is only a single transaction within itself, and it has nothing to do with the ordinary business of the company. Such a transaction lacks all the features of what is legally denominated doing business with a view of carrying on the business for which the corporation was organized and incorporated. Nor is the situation aided by the fact that while here Kleinschmidt presented two claims to the president of the plaintiff corporation for settlement and collection. Such was not the ordinary business of the defendant company, in which it was engaged anywhere, and could not suffice to render it amenable to the jurisdiction of the Circuit Court in this district. Upon the whole, I conclude that the defendant was not servable in this state in the manner in which service was attempted to be made.

As respects the second question, the appearance of the defendant is special, and for the one purpose; that is, to quash the service of summons. A careful reading of the motion, which is set out in the statement, will show that it was not the intention of the pleader to question the jurisdiction of the court, because the action was not brought in the state where the defendant was incorporated and resides. It may be true that, if objection be taken to a proceeding upon one ground only, it will constitute a waiver of other grounds not insisted upon; and it is legally true also that, where there is a general appearance, there is a waiver of all jurisdictional questions as to the person. But in this case the defendant has specified so particularly and so pertinently the ground upon which it relies for quashing the service that there can be no question as to the true purpose of the motion; and,

having appeared specially, for the purpose of the motion only, there is no waiver of jurisdiction.

For the reasons here assigned, the motion to quash the service of summons will be allowed, and such will be the order of the court.