Argued October 25, dismissed November 16, 1915.

WEISER LAND CO. *v.* BOHRER.

(152 Pac. 869.)

**Corporations—Foreign Corporations—Regulation—Declaration of Intention.**

1. A foreign corporation, which purchases land in the state from a citizen of another state, has the deed recorded in the state, gives a mortgage, leases the property, contracts to sell a portion thereof, the formal papers and contracts being signed and executed in the other state, and holds and votes stock in a district improvement company organized in the state, is within Section 6727, L. O. L., requiring a foreign corporation to file a declaration of intention to engage in business with the state.

Corporations—Foreign Corporations—Regulation—Declaration of Intention.

2.   A single isolated instance of dealing on the part of a foreign corporation is not within Section 6727, L. O. L., requiring such a corporation to file a declaration of intention to transact business within the state.

Abatement and Revival—Plea in Abatement—Waiver—Answering to Merits.

3.   Where defendants, sued by a foreign corporation, filed a plea in abatement that the corporation had not complied with the statutes authorizing foreign corporations to transact business within the state, they did not waive such plea by answering and pleading to the merits when the plea was overruled.

[Jurisdiction over foreign corporations, see note in 85 Am. St. Rep. 905.]

From Malheur: DALTON BIGGS, Judge.

In Banc.   Statement by MR. JUSTICE McBRIDE.

This is a suit by the Weiser Land Co., a corporation, against Josephine Bohrer and John Bohrer, to compel specific performance by defendants of a covenant to release certain land from the operation of a mortgage given by plaintiff to defendants. In August, 1912, plaintiff's grantors, who resided in Weiser, Idaho, entered into a contract to purchase certain lands of the defendants situated in Malheur County. Thereafter the plaintiff corporation was organized in Idaho and took over the contract, and having made a preliminary payment received a deed for the property, giving certain notes and a mortgage to secure the payment of the purchase price. The mortgage contained the following covenant:

"It is agreed that parties of the second part, or their executors, administrators, and assigns, are to execute and deliver to first party, its successors or assigns, partial releases of said lands from said mortgage lien as demand may be made on them, provided that party of the first part, its successors or assigns, shall pay to parties of the second part, their executors, administrators, or assigns, to be applied on said notes

herein, an amount which, added to what has heretofore been paid, will amount to $75 per acre for each acre of lands so released from said mortgage lien aforesaid.''

The plaintiff brings this suit claiming that sufficient payments have been made to equal in amount the sum of $75 per acre for 225 acres of the land conveyed, setting up a demand by plaintiff for a release of said 225 acres and a refusal by defendants to make such release, and asking that they be required to specifically perform such covenant. The defendants filed a plea in abatement, the material parts of which are as follows:

"I.    That at all the times mentioned in the said complaint the defendants were, and still are, residents of the county of Washington, in the State of Idaho.

"II.    Further answering said complaint, the defendants allege: That the said plaintiff has not at any time filed with the Secretary of State or Corporation Commissioner of the State of Oregon, a written or any declaration of its desire and intention or purpose to engage in business within the State of Oregon, as required by Section 6727 of Lord's Compiled and Annotated Codes of said state, neither has it paid to the State of Oregon its last or any annual license or any other tax or fee that has become due and payable against it, neither has it at any time before or at the time of the commencement of this action, either by power of attorney or otherwise, appointed any attorney in fact within the State of Oregon, on whom process may be served, as required by Section 6726 of said Codes, and it had not at the time of the commencement of this action, or at any other time, any such attorney in fact within the State of Oregon, notwithstanding that at all the times mentioned in the said complaint, and at the time of the commencement of this action, the plaintiff was transacting business within the State of Oregon, by buying and selling lands therein, and cultivating, improving and irrigating lands for profit.

"III.   That by reason of the fact that the plaintiff has not complied with the laws of the State of Oregon relating to foreign corporations, it has not legal capacity to sue, or prosecute its said action within the state."

Plaintiff replied to the plea admitting that it was a foreign corporation and that it had not filed any written declaration of its intention to do business in the State of Oregon, paid any license, or appointed any resident attorney in the State of Oregon; and denied all other matters alleged in defendants' plea.   It further alleged that all the contracts, agreements, and obligations alleged in the pleadings were made in the State of Idaho, and that plaintiff had not at any time transacted any business as a foreign corporation in the State of Oregon.

There was a trial on the issues thus formed, and, the plea being overruled, defendants answered to the merits, and upon issue joined there was a decree for plaintiff, from which defendants appeal.

SUIT DISMISSED.

For appellants there was a brief over the names of *Mr. Morton D. Clifford, Mr. J. W. Galloway* and *Mr. Leslie J. Aker,* with an oral argument by *Mr. Clifford.*

For respondent there was a brief over the names of *Messrs. McCulloch & Wood* and *Mr. Ed. R. Coulter,* with an oral argument by *Mr. Wells W. Wood.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1. The testimony as to whether plaintiff was doing business in this state was largely extracted from its officers, who were necessarily unwilling witnesses; but we think that it sufficiently shows these facts: That

the plaintiff corporation was organized in Weiser, Idaho, after plaintiff's assignor had made the contract of purchase, and that the principal, if not sole, object of its organization, was to purchase, hold and dispose of the property in controversy. It is true that the corporate articles state:

"That the general nature of the business of this corporation shall be to buy, own, rent, lease, sell, trade, and deal in lands, real estate, mortgages, bonds, debentures, notes, and all manner of choses in action, to farm, cultivate, improve real estate, to buy, own, lease, and sell water and light plants, cold storage, ice and pumping plants and business; to own stocks in other corporations, to do a general real estate business, both as owner and as factor for others, to borrow and loan moneys, to execute, negotiate, assign, issue, put, take, receive and collect bills, notes, mortgages, and other securities, to pledge all and any of the corporate property, to secure any and all of the indebtedness of the corporation and secure its contracts, and generally to do and perform all acts and things and execute all papers, deeds, mortgages, contracts, and other instruments necessary and requisite to carry into effect the objects for which this corporation is formed."

—and that its president declares that other business than the purchase of this land was contemplated, but there is not a syllable of testimony that any other business was ever done. It purchased the land, had its deed recorded in Oregon, gave a mortgage which was only effective in Oregon, leased the property under a contract that the share of grain it was to receive as rent should be divided upon the land, contracted to sell a portion of the land, and generally held and managed it as a resident owner would have done; the only difference being that the formal papers and contracts in respect to it were signed and executed in Idaho. It was a holder of stocks in the Crystal District Im-

provement Company, an Oregon corporation, and of 38 of the bonds of said company, transferred by defendants to Coulter & Bradshaw and by them to plaintiff, and its representative appeared at the meetings of the company in Oregon and voted this stock in behalf of plaintiff. It is clear that the lands were purchased and held by the plaintiff principally for the purpose of sale and not for cultivation. It was as much a landed proprietor in Oregon and managing the tract as such as any other dealer in or owner of such real estate. While it is true that operations in respect to the lands were directed from across the line in Idaho, they were consummated in Oregon, and plaintiff is clearly within the reasoning of the cases of *Johnson* v. *Seaborg,* 69 Or. 27 (137 Pac. 191), and *Hirschfeld* v. *McCullagh,* 64 Or. 502 (127 Pac. 541, 130 Pac. 1131).

2. It is conceded that a single isolated instance of dealing is not within the statute: *Commercial Bank* v. *Sherman,* 28 Or. 573 (43 Pac. 658, 52 Am. St. Rep. 811); *Barse Live Stock Co.* v. *Range Valley Cattle Co.,* 16 Utah, 59 (50 Pac. 630). But the present transaction is more than that. It was the evident intent of the plaintiff to engage in this state in the business of buying and selling in reference to this particular tract and to act as a landed proprietor in regard to it, and not only this, but to participate as a stockholder in the business of the Crystal District Improvement Company, whose object was to irrigate these and other lands.

3. The defendants did not waive the plea in abatement by afterward answering and pleading to the merits: *Hirschfeld* v. *McCullagh,* 64 Or. 502 (127 Pac. 541, 130 Pac. 1131).

The plea in abatement will be sustained and the suit dismissed.                          SUIT DISMISSED.