ELECTRIC RAILWAY SECURITIES CO. *v.* HENDRICKS.

1. CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS IN STATE.
   General corporation act (Comp. Laws Supp. 1922, § 9053 [164]) does not prohibit foreign corporation not admitted to do business in this State from transacting *any* business in State, but only from carrying on its business.

As to whether a single isolated transaction by foreign corporation constitutes doing business within State, see 10 L. R. A. (N. S.) 693.

Mode of proving authority of foreign corporation to do business within State, see annotation in 2 A. L. R. 1235.

2. SAME—SINGLE TRANSACTION—CARRYING ON BUSINESS IN STATE.

While single transaction may disclose purpose of foreign corporation to carry on its business in State, such transaction must be something more than independent or isolated transaction not necessarily of character to indicate purpose to engage in carrying on its business in State.

3. JUDGMENT—ABSENCE OF COUNSEL—REHEARING.

Defendants' motion for rehearing on ground that foreclosure decree was taken in absence of their counsel was properly denied, where no showing was made that they had defense upon merits.

4. CORPORATIONS—FOREIGN CORPORATION MAY ACQUIRE REAL ESTATE IN ABSENCE OF STATUTE PROHIBITING SAME.

In absence of statute prohibiting same, foreign corporation without being admitted to do business in State may acquire, hold, or dispose of real property in State under rule of comity.

5. SAME—TEST AS TO VIOLATION OF STATUTE.

Test as to whether foreign corporation not admitted to do business in State in acquiring real property is violating statute (Comp. Laws Supp. 1922, § 9053 [164]) is whether in so doing it was carrying on its business in State.

6. SAME—MORTGAGES—FORECLOSURE.

In suit to foreclose real estate mortgage by foreign corporation, it is no defense to show that said corporation had not been admitted to do business in State, in absence of showing that in holding and selling said real estate it was carrying on its business in State.

Appeal from Kent; Dunham (Major L.), J. Submitted June 5, 1930. (Docket No. 37, Calendar No. 34,865.) Decided October 3, 1930.

Bill by Electric Railway Securities Company, a Maine corporation, against Augustin Hendricks and another to foreclose a mortgage on real estate. From a decree for plaintiff, defendants appeal. Affirmed.

*Bernard J. Onen,* for plaintiff.

*G. A. Wolf* and *Clare J. Hall,* for defendants.

WIEST, C. J. The bill herein was filed, in the Kent circuit, in January, 1928, to foreclose a purchase-money mortgage of $165,000, upon property in the city of Grand Rapids. The mortgagors appeared, raised no issue of amount due, but interposed the defense that plaintiff, a foreign corporation, not admitted to carry on business in this State, was carrying on business here in holding title to real property and in selling and conveying the same to defendants and taking the mortgage in suit, and, therefore, could not bring suit and have decree of foreclosure. From time to time the hearing was postponed, but finally set for a day certain. Plaintiff subpoenaed the defendant Augustin Hendricks, and he was in court on the day set. The attorneys for defendants did not appear when the case was taken up, neither did they send any excuse nor ask for delay. The court heard the testimony offered by plaintiff, asked Mr. Hendricks if he wished to examine the one witness called, and was informed by him "I have nothing to examine." Within a few minutes after the decree was granted, one of the attorneys for defendants appeared, claimed he had been delayed by attendance upon the probate court, and that his partner had been called out of the city, and later defendants' attorneys opposed signing of the decree, then moved for a rehearing, and, upon denial thereof, defendants appealed.

Upon the argument of the case in this court, counsel were asked to point out the claimed acts of business carried on by plaintiff, and were requested to brief the legal question involved.

If the claimed defense, as presented to the circuit judge, has no merit, there should be no rehear-

ing or further delay. Have defendants shown a defense calling for a rehearing?

The general corporation act, Comp. Laws Supp. 1922, § 9053 (164), provides:

"It·shall be unlawful for any corporation organized under the laws of any State, district or territory of the United States, except the State of Michigan, or of any foreign country, to carry on its business in this State, until it shall have procured from the secretary of State of this State a certificate of authority for that purpose."

Plaintiff acquired title to the property here involved and to a parcel of real estate in another county.

The language of our statute is not to be construed as prohibitive of transacting *any* business in the State, but only in its true restrictive sense of forbidding the *carrying on* of the business of the corporation in this State. The record, so far as competent for our consideration in review of the action of the circuit judge, fails to show transactions of a character indicative of a purpose by plaintiff to carry on its business in this State. It is true that a single transaction may disclose the purpose of a corporation to carry on its business in the State, but such a transaction must be something more than an independent or isolated transaction, not necessarily of a character to indicate a purpose to engage in the carrying on of the corporate business in the State. See *Cooper Manfg. Co.* v. *Ferguson,* 113 U. S. 727 (5 Sup. Ct. 739).

In order for defendants to have a rehearing it was necessary for them to show affirmatively that, in acquiring, managing as owner, conveying, and taking a purchase-money mortgage plaintiff was

carrying on its business in this State. This defendants failed to do, for the showing made falls short of any degree of certitude, and a rehearing would but afford defendants an opportunity to make proof, if they can, bringing plaintiff within the statute.

We do not agree with counsel for defendants, that

"what this court will determine now is whether there is a fair probability, when all of the testimony is in, that it will support an adjudication by the courts that the plaintiff was doing business within the State of Michigan."

We cannot grant a rehearing until satisfied that defendants have a defense upon the merits.

Defendants alleged in their answer to the bill that plaintiff is a corporation, organized under the laws of the State of Maine, with authority to purchase and convey real estate if not prohibited by law. There is no statute prohibiting a foreign corporation from merely acquiring, holding and disposing of real property in this State and exercising the ordinary incidents of ownership. Some States, by statute, prohibit such acquisition of real property without admission to the State. In the absence of a statute prohibiting a foreign corporation from acquiring, holding, or disposing of real property in this State, without admission, such a corporation may acquire, hold, and dispose of real property in this State under the rule of comity. We touched upon this question in *Maxwell* v. *Hammond*, 234 Mich. 461, and held that the statute did not prevent a foreign corporation, not carrying on its business in this State, from taking an assignment of one mortgage on land in this State. The true test is not whether a foreign corporation has acquired real property in this State, for such has been permitted since *Thompson* v. *Waters*, 25 Mich. 214 (12 Am.

Rep. 243), but the test is whether in so doing the corporation was carrying on its business in this State.

As stated in 8 Thompson on Corporations (3d Ed.), § 6640:

"Express statutory provision is not necessary to give a foreign corporation the right to acquire and hold real estate. The law of comity gives a foreign corporation the power to purchase or otherwise acquire and hold real property in States other than that of its creation, provided its charter and the laws of the State of its domicil give it such right, and there is no statute prohibiting it from so doing, and this, though it has failed to comply with statutory provisions required by the State as a condition precedent to doing business therein."

In *Penn Collieries Co.* v. *McKeever*, 183 N. Y. 98 (75 N. E. 935, 2 L. R. A. [N. S.] 127), it was said (syllabus):

"The phrase 'doing business in this State,' contained in section 15 of the General Corporation Law (L. 1892, ch. 687, as am.), which requires a foreign corporation to procure a certificate of authority to transact business in this State from the secretary of State, implies corporate continuity of conduct in that respect; such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business and those incidental circumstances which attest the corporate intent to avail itself of the privilege of carrying on business."

Counsel for defendants cite *Weiser Land Co.* v. *Bohrer*, 78 Ore. 202 (152 Pac. 869). The case is not in point. There a corporation was organized in Idaho to acquire, develop, and manage as its corporate business a tract of land in Oregon. Clearly

in carrying out such purposes it was "transacting" business in Oregon. The governing element in that case is missing in the case at bar. In the instant case we have no facts evidencing incidental circumstances attesting corporate purpose to avail itself of the privilege of carrying on business in this State. If such facts exist, a clear statement thereof, in form equivalent to evidence, should have appeared in the motion for a rehearing. Beyond the usual incidents of ordinary ownership of real property we have but the fact that plaintiff is a foreign corporation, privileged to acquire and dispose of real property in this State, but not to carry on its business here.

The decree in the circuit court is affirmed, with costs to plaintiff.

BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred. SHARPE, J., did not sit.