Argued February 6; affirmed February 21, 1951

## CRITES and STAMPER *v.* ASSOCIATED FROZEN FOOD PACKERS, INC., ET AL. and ALBANY ICE & COLD STORAGE, INC.

227 P. (2d) 821

IN BANC.

*Edward E. Sox,* of Albany, argued the cause and filed a brief for garnishee-appellant.

*Orval Thompson,* of Albany, argued the cause for plaintiffs-respondent. On the brief were Weatherford & Thompson, of Albany.

TOOZE, J.

On November 27, 1946, Ray Crites and Jack W. Stamper, dba Crites Tire Company, as plaintiffs, commenced action against Associated Frozen Food Packers, Inc., and Associated Frozen Food Packers of Oregon, as defendants, to recover $1,201.63, with interest, for goods, wares, and merchandise sold and delivered by plaintiffs to defendants.

Plaintiffs caused a writ of attachment and a notice of garnishment to be served on Albany Ice & Cold Storage, Inc., at Albany, Oregon, on November 29, 1946. The garnishee then held perishable frozen fruit which had been stored with it by defendants. The garnishee made its return stating in effect that since a common law assignment for the benefit of creditors was made by defendants to the Seattle Association of Credit Men and was recorded in the deed records of Linn county, Oregon, on November 13, 1946, the interest of defendants in any property which was held by the garnishee was transferred to the Seattle Association of Credit Men. The plaintiffs, being dissatisfied with the return of the garnishee, filed certain allegations and interrogatories seeking to show that the common law assignment was void because the Seattle Association of Credit Men, a Washington corporation, was not qualified to transact business in this state. The garnishee filed its answer to these allegations and interrogatories, setting forth in detail the items of frozen fruit held by it, and again reporting the transfer of the same by virtue of said common law assignment.

Before final judgment, the frozen fruit was sold under an arrangement between the garnishee and Seattle Association of Credit Men, and the money received from such sale, in an amount exceeding $8,000, was deposited in the First National Bank of Portland, Oregon, to be held subject to the final outcome of this litigation.

On June 3, 1948, the trial court entered judgment in favor of plaintiffs and against defendants for the sum of $1,201.63, together with interest thereon at the rate of 6% per annum from November 1, 1946, until paid, and for costs and disbursements taxed and allowed in the sum of $23.18. The court also ordered that the attached property of defendants in the hands of the garnishee be sold as provided by law and the proceeds of such sale applied to the satisfaction of plaintiffs' judgment.

Also, on June 3, 1948, the trial court made and entered findings of fact and conclusions of law and entered judgment against the garnishee for the amount of plaintiffs' judgment against defendants. The garnishee appeals.

No question is raised on this appeal respecting the propriety of making findings of fact, conclusions of law, and entering judgment on the same day, without opportunity being given for filing objections and proposing other findings, conclusions, and judgment as by the statute provided.

Garnishee's assignments of error, three in number, are based upon its exceptions to the three conclusions of law made and entered by the trial court. The gist of those conclusions of law is that the common law assignment is unenforceable and void because the assignee, Seattle Association of Credit Men, had not

qualified to transact business in the state of Oregon as required by the statutes of this state. No exception is taken to the findings of fact.

As one of its findings of fact, the trial court found:

"(5) That said Seattle Association of Credit Men was and is a corporation organized and existing under the laws of the State of Washington; that said Seattle Association of Credit Men has not complied with the laws of the State of Oregon relating to the authorization and qualification of foreign corporation to do business in the State of Oregon; that said Seattle Association of Credit Men has attempted to carry on its usual business in the State of Oregon without first qualifying to do business in the State of Oregon."

■ The sole question involved on this appeal is one of law, viz.: whether the common law assignment to Seattle Association of Credit Men is void and unenforceable. This involves the interpretation to be given § 77-301, O. C. L. A., which in part provides:

"It shall be the duty of every such foreign corporation * * * to maintain at all times within this state some qualified person as its attorney in fact, as herein provided, and in default thereof, it shall not be entitled to *transact any business* within this state or maintain any suit, action or proceeding in its courts." (Italics ours.)

It will be noted that this statute in effect prohibits the transaction of "any business" within this state by any foreign corporation that has not qualified as by the laws of this state provided.

As a preliminary question, it must be determined whether under this common law assignment the Seattle Association of Credit Men is required to transact business in this state within the meaning of the statute.

On this appeal we are not required to go into that matter in detail, because that question has already been answered by this court.

It appears from the transcript on file here that on February 10, 1947, and while the proceedings against the garnishee were pending in the trial court, the Seattle Association of Credit Men was permitted to intervene in the action. On February 10, 1947, the Seattle Association of Credit Men filed its complaint in intervention. A demurrer to that complaint was sustained; the intervenor refused to plead further, and judgment was entered dismissing the complaint. From that judgment the intervenor appealed to this court. *Crites et al. v. Associated Frozen Food Packers, Inc., et al.,* 183 Or. 191, 191 P. 2d 650.

On that appeal, in a well-reasoned and exhaustive opinion written by the late Mr. Justice BELT, this court stated the issue as follows:

> "The sole question presented by the demurrer is whether it appears on the face of the complaint in intervention that this foreign corporation was 'transacting any business' in this state within the meaning of § 77-301, O. C. L. A."

and at page 201, concluded:

> "We conclude that the Seattle Association of Credit Men in the performance of its duties under the assignment will be transacting business within the meaning of the statute."

As noted, the trial court also made and entered a finding of fact to the same effect, to which no exception was taken.

The transaction of business in this state by the Seattle Association of Credit Men is in direct violation

of the laws and against the public policy of the state of Oregon.

It follows, therefore, that in so far as the parties here, and all property covered by such common law assignment and located in this state, are concerned, the assignment to Seattle Association of Credit Men is void and unenforceable. *Bank v. Sherman,* 28 Or. 573, 43 P. 658; *Johnson v. Seaborg,* 69 Or. 27, 32, 137 P. 191.

In *Bank v. Sherman,* supra, at page 575, in an opinion by the late Mr. Chief Justice BEAN, this court said:

> "It must be conceded that *the contracts of any of the foreign corporations* named in the title of the act of eighteen hundred and sixty-four, of which the section referred to is a part, carrying on business here without first having executed and caused to be recorded a power of attorney as required by the statute *are void,* and no action can be maintained thereon by the corporation." (Italics ours.)

Reading between the lines of the record, it is apparent that Seattle Association of Credit Men is now seeking to do indirectly what this court held it could not do directly, using the Albany Ice & Cold Storage, Inc., as its stalking-horse.

■ The garnishee stands in the position of a stake holder. It is, or should be, wholly immaterial to it whether plaintiffs or the foreign corporation ultimately reaps the benefits derived from the sale of the frozen fruit in question. Asked on oral argument in this court why the garnishee prosecuted this appeal, its counsel naively stated that it was to protect the garnishee from any future action against it by Seattle Association of Credit Men.

Obviously, an appeal was unnecessary to accomplish that purpose. The judgment of the trial court after

time for appeal expired would have been just as final and binding and protective to the garnishee as any determination of the matter by this court. Under the full faith and credit clause of the federal constitution (U. S. Const., Art. IV, § 1), such judgment would have been a defense to garnishee in any action commenced by Seattle Association of Credit Men in any other court, state or federal. 50 C. J. S., Judgments, 470, § 889.

The entry of personal judgment against the garnishee was proper. § 7-226, O. C. L. A.

The judgment is affirmed.